UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY TAGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:14-cv-981 |
| ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5). Plaintiff seeks actual, statutory, and punitive damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendants conduct business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Gary Tague ("Tague") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt by filing a time-barred proof of claim in his bankruptcy matter.

5. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant Jefferson Capital Systems, LLC (hereinafter referred to as "Jefferson") is a Georgia limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Jefferson attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Jefferson was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Jefferson is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached hereto as Exhibit "A". In fact, Jefferson conducts business in Indiana.

## FACTUAL ALLEGATIONS

8. Due to financial difficulties, on March 26, 2013, Tague filed a Chapter 13 bankruptcy petition in a matter styled In re: Tague, S.D. Ind. Bankruptcy No. 13-02872-JMC-13.

9. Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2 is six (6) years from the date of last activity, on June 15, 2013 Jefferson filed a proof of claim (Claim No. 17) in the amount of $104.98 against Tague in his bankruptcy. The claim admitted that the last activity on the account occurred during 1999. A copy of Jefferson's Proof of Claim is attached hereto as Exhibit "B".

10. Accordingly, Tague's bankruptcy counsel was forced to object to the time-barred proof of claim via a written objection, which was filed on April 14, 2014. A copy of Tague's Objection to Jefferson's Proof of Claim is attached hereto as Exhibit "C".

11. On June 2, 2014, the Bankruptcy Court sustained the objection and disallowed Jefferson's time-barred proof of claim. A copy of the Court's Order is attached hereto as Exhibit "D".

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692e(5) OF THE FDCPA –
## TAKING AN ACTION THAT COULD NOT BE LEGALLY TAKEN

14. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt. see 15 U.S.C. § 1692e(5).

15. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, McCollough v. Johnson, Rodenburge & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011). Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill 2008); Kimber v. Federal Financial Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

16. By filing a bankruptcy proof of claim for a debt that was clearly time-barred under Indiana Law, Defendant Jefferson took actions that it could not legally take and, thus, violated § 1692e(5) of the FDCPA.

17.     Defendant's violations of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gary Tague respectfully requests that the Court find that the Defendant violated the FDCPA and enter judgment against Defendant Jefferson Capital Systems, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief

Respectfully submitted,


<u>/s/ Thomas G. Bradburn</u>
Thomas G. Bradburn
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,


<u>/s/ Thomas G. Bradburn</u>
Thomas G. Bradburn

Thomas G. Bradburn, #15377-49
Bradburn Law Firm
92 S. 9th St.
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: <u>tbradburn@bradburnlaw.com</u>